J-S15039-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEREMIAH JACKSON | : | |
| Appellant | : | No. 1103 EDA 2025 |

Appeal from the PCRA Order Entered April 4, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010587-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JEREMIAH JACKSON | : | |
| Appellant | : | No. 1843 EDA 2025 |

Appeal from the PCRA Order Entered April 4, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010601-2014

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 12, 2026**

Appellant Jeremiah Jackson appeals from the order of the Court of Common Pleas of Philadelphia County denying Appellant's third petition pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely filed.  As Appellant's petition is untimely and he does not raise an applicable exception

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

to the PCRA timeliness bar, we affirm the PCRA court's order dismissing his petition.[2]

This Court previously summarized the factual background of this case as follows:

[O]n the evening of July 13, 2014, Appellant beat up his rooming house neighbor before robbing her and strangling her to death. He then moved some of her possessions into his room and took her ATM card. He bound up her body, placed it in a trash bag, and transported it in her car to an abandoned lot in North Philadelphia. After dumping her body in the lot, he drove to a gas station and used her ATM card to buy a gas can and gasoline at approximately 1:30 a.m. on July 14. Appellant then proceeded to a South Philadelphia neighborhood where he poured gasoline on his victim's car and lit it, burning his forearm in the process and leaving behind his cellphone. From there, he went to his mother's home, arriving at approximately 4:30 a.m. His mother called an ambulance, which transported Appellant to the University of Pennsylvania Hospital, where he was treated for his burns.

Hours later, a Philadelphia police lieutenant responded to a report of a vehicle fire and located the victim's car, a gas can, and Appellant's cellphone. While on his way to headquarters to prepare a preliminary report, the officer heard a radio call reporting a male with open flame burns being transported to the University of Pennsylvania Hospital. The officer proceeded to the hospital and interviewed Appellant who explained that he was burned while with a group of friends. He claimed he and his friends were confronted by a group of males who threw an item at them that was on fire, causing his burns.

The police investigation quickly led to connecting the two crime scenes. On July 15, two police detectives, James Burns and James Pitts, went to Crozer-Chester Hospital, where Appellant was then being treated for his burns. Appellant initially told the detectives

---

[2] The docket initially listed Appellant's last name as "Jakson." Appellant has confirmed that the correct spelling is "Jackson." **See** Notes of Testimony (N.T.), Trial, 5/26/17, at 61; N.T., Hearing, 10/19/16, at 12-13. We have corrected the caption accordingly.

the same story he fabricated for the lieutenant. When Appellant told the detectives he was being released from the hospital, they offered him a ride back to Philadelphia. Appellant accepted. The detectives drove to the Philadelphia Homicide Unit and placed Appellant in an interview room where they read him his Miranda rights and interviewed him. During the interview, which was recorded on video, Appellant changed his story, ultimately implicating a prostitute named Shaneeka as the person who actually assaulted and choked the victim. He admitted assisting Shaneeka with moving the body and burning the car. He claimed Shaneeka withdrew the money from the ATM and bought the gas can. However, the gas station cameras showed only Appellant at the ATM and buying the gas can.

Subsequently, cell site analysis of Appellant's phone confirmed his phone traveled from the area of the rooming house where he and his victim lived, to the area where her body was discovered, to the area close to the gas station, and to the vicinity of the car fire. Further, while incarcerated, Appellant wrote a letter to another inmate in which he acknowledged planning the murder and fabricating a story to avoid conviction. At trial, Appellant testified, maintaining that Shaneeka struck and choked the victim, that it was Shaneeka's idea to dump the body, and that he went along with Shaneeka's plan because he was intoxicated and did not want to get into trouble.

*Commonwealth v. Jackson*, 307 A.3d 650 (Pa. Super. October 11, 2023) (unpublished memorandum).

After being charged with first-degree murder and related crimes, Appellant waived his right to a jury trial and proceeded to a bench trial. At the conclusion of the trial, the trial court convicted Appellant of first-degree murder, robbery, burglary, and abuse of corpse at docket 10601-2014 and arson on docket 10587-2014. On May 26, 2017, the trial court sentenced Appellant to a mandatory term of life imprisonment for murder along with consecutive sentences on the remaining charges. Appellant did not file any post-sentence motions or a direct appeal.

On May 10, 2018, Appellant filed a *pro se* PCRA petition, claiming trial counsel was ineffective in failing to file post-sentence motions or an appeal. The PCRA court appointed Lee Mandell, Esq. as Appellant's counsel. On February 14, 2019, Attorney Mandell filed an amended PCRA petition, which included the claim Appellant raised in his *pro se* petition as well as an after-discovered evidence claim based on former Philadelphia Police Detective James Pitts's misconduct in other cases.

After an evidentiary hearing, the PCRA court denied Appellant's claim that trial counsel was ineffective in failing to file post-sentence motions or a direct appeal. The PCRA court permitted Attorney Mandell extra time to file a supplemental petition regarding the claim involving Detective Pitts.

On March 3, 2022, Attorney Mandell filed a supplemental petition asserting that Detective Pitts had coerced Appellant's confession. On April 5, 2022, the Commonwealth filed a response to the supplemental petition. On June 9, 2022, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 21, 2022, the PCRA court dismissed the petition. Appellant filed an appeal to this Court.

While Appellant's appeal of the dismissal of his first PCRA petition was pending, Appellant filed a second *pro se* PCRA petition, alleging that Detective Pitts violated his rights by traveling to the Crozer-Chester Medical Center in Delaware County to interview Appellant outside of Philadelphia County. On June 23, 2023, the PCRA court dismissed Appellant's second *pro se* petition

the basis that it lacked jurisdiction to rule on this petition given that the appeal of Appellant's previous petition was still pending.

On October 11, 2023, this Court affirmed the PCRA court's dismissal of Appellant's first petition, finding, *inter alia*, that there was no arguable merit to Appellant's claim that his confession was coerced by Detective Pitts as his videotaped confession showed no evidence of any police misconduct.

On October 11, 2024, Appellant filed the instant *pro se* PCRA petition, in which he argued Attorney Mandell was ineffective for failing to allege in Appellant's first PCRA petition that Detective Pitts had conducted an unlawful interview outside of Philadelphia County.

On February 13, 2025, the PCRA court issued Rule 907 notice of its intent to dismiss Appellant's third petition as untimely filed. On February 20, 2025, Appellant filed a response to the Rule 907 notice. On April 5, 2025, the PCRA court dismissed the petition.

Appellant filed a timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

As a preliminary matter, we must determine whether the trial court correctly found that the instant petition is untimely. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted). Generally, a PCRA petition

"including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, the trial court entered the judgment of sentence on May 26, 2017, and Appellant did not file a post-sentence motion or a direct appeal. As such, Appellant's petition became final on June 26, 2017, thirty days after his sentence was entered. As such, Appellant had until June 26, 2018 to file a timely PCRA petition. As such, the instant petition, filed on October 11, 2024, is facially untimely.

Appellant attempts to excuse the untimeliness of his petition by invoking the newly-discovered fact exception, alleging that he only recently discovered that his PCRA counsel was ineffective for failing to raise a claim challenging the lawfulness of Detective Pitts's interview outside of Philadelphia County.

Appellant also argues that PCRA counsel was ineffective for failing to challenge the effectiveness of trial and appellate counsel.

Our courts have long held that a defendant's "discovery" of the ineffectiveness of PCRA counsel which did not wholly deprive a defendant of collateral or appellate review does not constitute a newly discovered "fact" for the purpose of the timeliness exception in Section 9545(b)(1)(ii). **Commonwealth v. Stahl,** 292 A.3d 1130, 1134 (Pa. Super. 2023) (citing **Commonwealth v. Hipps**, 274 A.3d 1263 (Pa. 2022) and **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 81, 753 A.2d 780, 785-76 (2000)).

We acknowledge that our Supreme Court held in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) that a "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401 (footnote omitted). However, our courts have emphasized that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Stahl**, 292 A.3d at 1136. **See also Commonwealth v. Laird**, 331 A.3d 579, 583 (Pa. 2025) (clarifying that "**Bradley** did not establish an equitable exception to the PCRA's time-bar" and "its rationale cannot be extended to create one").

To the extent that Appellant argues that he is entitled to challenge the propriety of Detective Pitts' interview in the instant PCRA petition, Appellant has not alleged how this allegation entitles him to invoke one of the PCRA

timeliness exceptions. Appellant was aware that he was interviewed by Detective Pitts in Crozer-Chester Hospital located in Delaware County before he was charged in this case in Philadelphia County. Appellant has not identified any "newly discovered fact" which could fall within the exception to the PCRA time bar.

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition to avoid the PCRA time bar. ***Commonwealth v. Beasley***, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). As Appellant has not proven that one of the PCRA timeliness exceptions applies to his petition, we have no jurisdiction to further consider Appellant's petition. Accordingly, the PCRA court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/12/2026

- 8 -